RICE, District Judge,
concurring.
I concur in Judge Clay’s opinion, but I write separately for two reasons. First, Judge Clay does not address the case of National Electrical Manufacturers Association v. Sorrell, 272 F.3d 104 (2d Cir. 2001), heavily relied upon by the district court in holding that Michigan’s statute was not extraterritorial.
Sorrell involved a Vermont statute that required manufacturers of products containing mercury to label the products as such and to direct consumers to recycle the products or dispose of them as hazardous waste. The court found that the statute did not have the practical effect of regulating interstate commerce. It rejected the manufacturers’ claim that the statute essentially required them to so label all products regardless of where they were *816 sold, noting that manufacturers could choose to modify their production and distribution systems to differentiate between those products bound for Vermont and those that were not. The court also rejected a claim that the manufacturers could be exposed to multiple, inconsistent labeling requirements imposed by other States, noting that a risk of conflicting statutes was insufficient. Rather, there had to be an actual conflict, and none was shown. Id. at 112.
Seizing on this language from Sorrell, the district court held that because no other State has enacted a “unique mark” requirement, the ABA could not show that Michigan’s statute actually conflicts with requirements imposed by any other State. The district court’s reliance on Sorrell is misplaced. Under the circumstances presented here, whether or not manufacturers are, in fact, subject to inconsistent labeling requirements, the potential for havoc certainly exists. Notably, in Healy v. Beer Institute, 491 U.S. 324, 109 S.Ct. 2491, 105 L.Ed.2d 275 (1989), there was no actual conflict at issue. Nevertheless, the Supreme Court noted that it had to consider “what effect would arise if not one, but many or every, State adopted similar legislation.” Id. at 336.
Michigan does not get a “free pass” to enact extraterritorial legislation just because it is the first State to do so. The statute at issue controls conduct beyond Michigan’s borders by impliedly requiring manufacturers to use a different label everywhere else. In contrast to Sorrell, where manufacturers had the option of using the State-compliant label nationwide, manufacturers have no such option under Michigan’s law.
I also write separately to clarify that because we have found the statute to be extraterritorial, it must be struck down, and that is the end of the inquiry. It appears that the parties and the district court all assumed that if the statute were found to be either discriminatory or extraterritorial, the next step would be to determine whether it nevertheless “advances a legitimate local purpose that cannot be adequately served by reasonable non-discriminatory alternatives.” Dep’t of Revenue of Ky. v. Davis, 553 U.S. 328, 338, 128 S.Ct. 1801, 170 L.Ed.2d 685 (2008).[1] This additional inquiry, however, applies only to statutes that are deemed discriminatory. It has no application to a statute that has been deemed extraterritorial. To the extent that Part 11(B) of the majority opinion implies otherwise, in stating that “no other efforts were made by Defendants that could potentially satisfy the state’s purported legitimate purpose in a non-extraterritorial fashion,” I believe that some clarification is helpful.

. This inquiry is completely separate from the Pike balancing test, which applies only when the statute is neither discriminatory nor extraterritorial.